**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01674-GPG

RYAN GALLAGHER, Rev. "Sasha,"

    Plaintiff,

v.

DEA,
JAMES ARNOLD,
SUSAN A GIBSON,
DREW, DEA Agent in Centennial Office,

    Defendants.

**ORDER OF DISMISSAL**

Plaintiff, Rev. Ryan "Sasha" Gallagher, currently resides in Fountain, Colorado. On June 29, 2018, he submitted *pro se* a "Request for Review/ Complaint" (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). On July 9, 2018, he submitted a Prisoner Complaint. (ECF No. 4).

On July 10, 2018, the Court ordered Plaintiff to cure certain designated deficiencies if he wished to pursue his claim in this action. (ECF No. 5). Specifically, Plaintiff was directed to file his complaint on the current court-approved complaint form, not the prisoner complaint form.

In response, on July 19, 2018, Plaintiff filed a Motion to File Electronically (ECF No. 6) and a Complaint (ECF No. 7). However, his Complaint was deficient because it did not include addresses for all of the defendants and it did not comply with Rule 8 of

1

the Federal Rules of Civil Procedure. Therefore, the Court ordered him to cure the deficiencies and file an Amended Complaint within thirty days. (ECF No. 8).

On August 6, 2018, Plaintiff filed an Amended Complaint (ECF No. 17). Plaintiff obtained access to electronic filing and, subsequent to the July 25, 2018 Court Order, he has filed over forty additional documents in this case. (*See* ECF Nos. 10-26 and 28-50). None of the other filed documents are necessary for the Court's initial review of Plaintiff's Amended Complaint pursuant to D.C.COLO.LCivR 8.1(a).

Plaintiff has been granted leave to proceed without prepaying fees or costs pursuant to 28 U.S.C.28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i) and (ii), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious, or fail to state a claim on which relief may be granted. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

**I.    The Amended Complaint**

In his Amended Complaint, Mr. Gallagher asserts two claims: (1) "Delay of Process, Denial of Rights Under Color of Law;" and (2) "Violation of 1st Amendment, 5.1 Challenge." The factual allegations supporting his claims are difficult to decipher. For

relief, he requests that the Court cause the DEA to cease all delays, that a "class be instated," a lawyer be appointed, and that the DEA be made to cease violating 1st Amendment Rights and grant exemption," as well as damages.

### A. Claim One

According to Mr. Gallagher, in October of 2017, he emailed the Department of Justice and inquired about how to get a religious exemption. Although Plaintiff does not specifically state what type of exemption he was requesting, it appears he was seeking an exemption from the Controlled Substances Act. In response, the Department of Justice sent him "DEA RFRA Guidelines." Apparently the guidelines indicated to contact Joe Rannazzisi, but that person no longer worked for the DEA. Mr. Gallagher was then told to send it to Demetra Ashley, which he did in October of 2017. He never received a response and Demetra Ashley allegedly retired in February of 2018. The "DEA RFRA Guidelines" were taken off the DEA website and then put back up in March 2018 with Susan A. Gibson listed as the point of contact. Mr. Gallagher asked the "ODLP and DEA FOIA" to forward his exemption request to her and they said they would. In April of 2018, James Arnold contacted Mr. Gallagher and in July of 2018, Mr. Arnold set up a meeting between Mr. Gallagher and "Drew" in Centennial on August 14, 2018. According to Mr. Gallagher, the DEA Guidelines state "[n]ot to practice your religion until you get the exemption."

### B. Claim Two

To support his second claim, Mr. Gallagher states that "the actions in claim 1 are in violation of my 1st Amendment" and that the "[m]eeting in Centennial is blatantly asking me to come incriminate myself, and I should be provided a lawyer" and "the

3

meeting ought to constitute Entanglement." Mr. Gallagher then cites to numerous cases regarding "drugs" and "wine" used for religious purposes. He states: "Our religion involves various Gods (Polytheism, Hinduism) and the DEA is denying us access to these Gods, as explained in Claim #1 in this filing. I initiate a rule 5.1 challenge."

## II. Analysis

In the Amended Complaint, Mr. Gallagher fails to allege specific facts to show a violation of his constitutional rights. In his first claim, he apparently believes the DEA is being too slow to consider his exemption request and, thus violated his due process rights. However, then in his second claim, he alleges that the meeting the DEA scheduled, apparently to consider his exemption request, is an "entanglement of religion" and is a ploy to incriminate him, which is a violation of his First Amendment rights.

The Religious Freedom Restoration Act (RFRA) provides that the "Government shall not substantially burden a person's exercise of religion" unless the Government can demonstrate "that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1. Government action taken pursuant to the Controlled Substances Act (CSA) is subject to RFRA. *Gonzales v. O. Centra Espirita Beneficente Uniao do Vegetal*, 126 S. Ct. 1211 (2006). In order to obtain an exemption from the CSA under RFRA, a party must, as a preliminary matter demonstrate that its (1) sincere (2) religious exercise is (3) substantially burdened by the CSA. 42 U.S.C. § 2000bb et seq. The DEA has created specific guidelines for a

party who wishes to petition for a religious exemption to the CSA.  *See*

https://www.deadiversion.usdoj.gov/pubs/rfra_exempt_022618.pdf

      Mr. Gallagher's Amended Complaint fails to provide a clear and concise statement of each claim that demonstrates he is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

      In this case, Mr. Gallagher has failed to even identify his religion, or allege that Defendants have substantially burdened his sincere religious exercise.  He alleges that he sent information to the DEA for an exemption, but he fails to identify what drug or illegal substance is used in his religion or how it is used.  The alleged delays by Defendants in granting an exemption for an unspecified illegal substance for an unidentified religious practice does not amount to a constitutional violation.  Further, he has failed to allege specific facts demonstrating that anyone has interfered with the exercise of his religion. He makes a conclusory allegation that the DEA is denying him access to his various Gods.  Such a conclusory statement fails to establish a constitutional violation.  Additionally, Defendants setting up a meeting with Mr. Gallagher to determine if an exemption is appropriate does not, without more, interfere with Mr. Gallagher's First Amendment rights. As such, the claims in the Amended Complaint will be dismissed as legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319,

324 (1989) (a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim).

Additionally, the Court warns Mr. Gallagher that his numerous unresponsive filings submitted in this action (and his other eight pending actions) appear abusive of the judicial system.  "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).  Therefore, Mr. Gallagher is warned that if he files new frivolous actions or continues to file additional unresponsive documents, he will be subject to sanctions.

Accordingly, it is

ORDERED that the amended Complaint (ECF No. 17) and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  21st  day of   August        , 2018.

BY THE COURT:

  s/Lewis T. Babcock            
LEWIS T. BABCOCK, Senior Judge
United States District Court